1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   LYNN NICHALSON,                    No. 2:10-cv-00598-MCE-EFB

12          Plaintiff,

13       v.                            <u>MEMORANDUM AND ORDER</u>

14   FIRST FRANKLIN FINANCIAL
     CORPORATION, et al.,

15          Defendants.

16

17                          ----oo0oo----

18       This action arises out of a mortgage loan transaction in

19   which Plaintiff Lynn Nichalson ("Plaintiff") financed her home in

20   2006.  Presently before the Court is a Motion by Defendant First

21   Franklin Financial Corporation ("Defendant") to Dismiss

22   Plaintiff's Complaint for failure to state a claim upon which

23   relief may be granted pursuant to Federal Rule of Civil Procedure

24   12(b)(6).  Defendant has concurrently filed a Motion to Strike

25   pursuant to Federal Rule of Civil Procedure 12(f).  For the

26   reasons set forth below, Defendant's Motion to Dismiss is granted

27   with leave to amend, and Defendant's Motion to Strike is denied

28   as moot.

                                    1

**BACKGROUND**[1]

This action arises out of activity surrounding a residential loan transaction secured by property located at 9527 Clarke Farms Drive, Elk Grove, California ("Property").

Plaintiff alleges that Defendant extended credit to her without regard for her ability to pay.  She contends that she accurately reported her income on her loan application, but that Defendant overstated her income without Plaintiff's knowledge or consent.  Furthermore, Plaintiff alleges that the loan's interest rates were subject to increase, such that the monthly payments exceeded Plaintiff's ability to pay.  Nonetheless, as indicated in the Deed of Trust, Plaintiff was approved for a loan in the amount of $534,800.00.

Plaintiff further alleges that Defendant awarded higher commissions to its loan officers when they sold loans with high yield spread premiums.  This practice encouraged loan officers to steer borrowers, Plaintiff included, into loans that they were unable to repay.

The terms of the loan were memorialized in a Promissory Note, which was secured by a Deed of Trust on the Property. Plaintiff alleges that she has mailed to Defendant a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), including a demand to rescind the loan under the Truth In Lending Act ("TILA").

///

---

[1] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

2

1    **STANDARD**

2

3       On a motion to dismiss for failure to state a claim under

4    Rule 12(b)(6), all allegations of material fact must be accepted

5    as true and construed in the light most favorable to the

6    nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,

7    337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)

8    requires only "a short and plain statement of the claim showing

9    that the pleader is entitled to relief," in order to "give the

10   defendant fair notice of what the...claim is and the grounds upon

11   which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct.

12   99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by a Rule

13   12(b)(6) motion to dismiss does not need detailed factual

14   allegations, a plaintiff's obligation to provide the "grounds" of

15   his "entitlement to relief" requires more than labels and

16   conclusions, and a formulaic recitation of the elements of a

17   cause of action will not do.  <u>Bell Atl. Corp. v. Twombly</u>, 550

18   U.S. 544, 555 (2007) (internal citations and quotations omitted).

19   Factual allegations must be enough to raise a right to relief

20   above the speculative level.  <u>Id</u>. (citing 5 C. Wright & A.

21   Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d

22   ed. 2004) ("The pleading must contain something more...than...a

23   statement of facts that merely creates a suspicion [of] a legally

24   cognizable right of action").

25   ///

26   ///

27   ///

28   ///

3

1    If the court grants a motion to dismiss a complaint, it must

2  then decide whether to grant leave to amend.  The court should

3  "freely give[]" leave to amend when there is no "undue delay, bad

4  faith[,] dilatory motive on the part of the movant,...undue

5  prejudice to the opposing party by virtue of...the amendment,

6  [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman

7  v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

8  only denied when it is clear that the deficiencies of the

9  complaint cannot be cured by amendment.  DeSoto v. Yellow Freight

10  Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

11

12                            **ANALYSIS**

13  **A.    Truth in Lending Act ("TILA")**

14

15    Plaintiff seeks to rescind her loan pursuant to the Truth in

16  Lending Act ("TILA"), 15 U.S.C. § 1600 et. seq., as well as a

17  termination of Defendant's security interest in the property,

18  statutory and punitive damages, costs, and attorney's fees.  She

19  alleges that Defendant failed to provide material disclosures

20  regarding her loan as required under TILA.  Defendant argues that

21  Plaintiff's claim for TILA violations is time-barred because

22  civil damages are subject to a one-year statute of limitations

23  and claims for rescission have a three-year statute of

24  limitations.

25  ///

26  ///

27  ///

28  ///

1   With respect to civil damages for Defendant's failure to
2   provide disclosures mandated by TILA, the statute of limitations
3   allows Plaintiff to file suit within one year from the "date of
4   occurrence" of the alleged violation.  15 U.S.C. § 1640(e).  The
5   "date of occurrence" is the date the transaction is consummated,
6   which in a mortgage loan case is when the Plaintiff closed on the
7   loan.  See Walker v. Washington Mutual Bank FA, 63 F. App'x. 316,
8   317 (9th Cir. 2003).  Plaintiff's Complaint alleges that the loan
9   transaction was completed in April 2007, but Defendant has
10  attached a copy of the Deed of Trust to its Motion to Dismiss
11  which indicates a loan completion date of November 22, 2006.[2]
12  Req. Jud. Not. Ex. A. This date triggers a statute of limitations
13  which expired on November 22, 2007, well before Plaintiff filed
14  her Complaint.
15  ///
16  ///
17  ///
18
19      [2] If plaintiff fails to attach to the complaint a document
20  on which it is based, defendant may attach such documents to a
    Rule 12(b)(6) motion to show that they do not support plaintiff's
21  claim.  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)
    (overruled on other grounds in Galbraith v. County of Santa
22  Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)).  Documents not
    physically attached to the complaint may nonetheless be
23  considered by the court on a 12(b)(6) motion to dismiss if the
    complaint refers to such document, the document is central to
24  plaintiff's claim, and no party questions the authenticity of the
    copy attached to the 12(b)(6) motion.  Id. at 454.  This prevents
25  "a plaintiff with a legally deficient claim (from surviving) a
    motion to dismiss simply by failing to attach a dispositive
26  document on which it relied."  Pension Benefit Guar. Corp. v.
    White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)
27  (parentheses added).  This "incorporation by reference" doctrine
    allows the court to look beyond the pleadings without converting
28  the 12(b)(6) motion into a motion for summary judgment.  Knievel
    v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005).

1    Regarding Plaintiff's claim for rescission, pursuant to TILA
2    provisions codified at 15 U.S.C. § 1635(a), a consumer may elect
3    to cancel their residential mortgage loan within three days of
4    either the consummation of the transaction or delivery of
5    required disclosures and rescission forms.  If the required
6    disclosures are not provided, then the right to cancel extends
7    three years after the date of the loan.  Plaintiff's loan closed
8    on November 22, 2006.  Her right to rescind, therefore, expired
9    on November 22, 2009.  Once again, Plaintiff's claim is time-
10   barred.

11   However, to save her claims, Plaintiff argues that equitable
12   tolling should apply to suspend the statutes of limitations.  The
13   Ninth Circuit has held that "the doctrine of equitable tolling
14   may, in appropriate circumstances, suspend the limitations period
15   until the borrower discovers or had reasonable opportunity to
16   discover the fraud or nondisclosures that form the basis of the
17   TILA action."  King v. State of California, 784 F.2d 910, 915
18   (9th Cir. 1986).  In determining justifiable application of the
19   equitable tolling doctrine, a court "focuses on excusable delay
20   by the plaintiff."  Johnson v. Henderson, 314 F.3d 409, 414 (9th
21   Cir. 2002).  To establish excusable delay, the plaintiff must
22   show "fraudulent conduct by the defendant resulting in
23   concealment of the operative facts, failure of the plaintiff to
24   discover the operative facts that are the basis of his cause of
25   action within the limitations period, and due diligence by the
26   plaintiff until discovery of those facts."  Federal Election
27   Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996).
28   ///

6

Here, Plaintiff has failed to exhibit requisite due diligence.  The Plaintiff alleges that "the facts surrounding this loan transaction were purposefully hidden to prevent the Plaintiff from discovering the true nature of the transaction." (Complaint ¶ 22.)  This conclusory statement affords insufficient basis to invoke this Court's application of equitable tolling. Entertaining such justification would open the proverbial floodgates of litigation, allowing endless TILA suits to survive under the flimsy excuse that the alleged TILA violation did not reveal itself before the running of the statute of limitations.

Plaintiff has failed to show any concealment of facts by the Defendant beyond her bare allegations, nor has she shown a scintilla of due diligence on her part.  The excuses provided are not grounds upon which the Court can equitably rescue Plaintiff's claim from late filing.

Equitable tolling will not be applied, and thus the statute of limitations period has run.  Defendant's Motion to Dismiss Plaintiff's TILA claim is granted.

**B.   Real Estate Settlement Procedures Act ("RESPA")**

**1.   Failure to Disclose**

Plaintiff alleges that the Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et. seq., by failing to comply with "one or more of the disclosure requirements provided therein." (Complaint ¶ 65.)  Plaintiff neglects to specify what disclosures Defendant failed to provide or which sections of RESPA it violated.

RESPA provides a private right of action for violations of § 2605, which imposes requirements on the servicing of mortgage loans, § 2607, which prohibits kickbacks and unearned fees, and § 2608, which prohibits seller-mandated title insurance. 12 U.S.C. § 2614. Because Plaintiff has failed to indicate which of these provisions Defendant allegedly violated, Defendant has not been afforded sufficient notice of the claims against it as required by the pleading standard under Rule 12(b)(6).

### 2.   Qualified Written Request

Plaintiff also contends that she sent Defendant a Qualified Written Request ("QWR") by mail, although Plaintiff does not disclose the date on which this document was sent.  For the purposes of the Act, a QWR "shall be a written correspondence [] that... includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605 (1996). RESPA requires mortgage loan servicers who receive a QWR for information relating to the servicing of their loan to provide a written response within twenty (20) days acknowledging receipt of the correspondence.  12 U.S.C. § 2605(e)(1)(A).

///
///
///
///
///

1    While Plaintiff describes her letter as a QWR, a request for
2  rescission does not qualify as a QWR as defined by RESPA.
3  Plaintiff's correspondence did not seek information or seek to
4  correct errors in her account.  It therefore does not amount to a
5  QWR invoking the protection of RESPA.
6    Because Plaintiff's claim fails to put Defendant on adequate
7  notice, and because Plaintiff's correspondence does not
8  constitute a QWR, Plaintiff's RESPA claim does not meet the
9  requisite pleading standard.  Defendant's Motion to Dismiss
10  Plaintiff's RESPA claim is GRANTED.

11

12    **C.    Plaintiff's Remaining Causes of Action**

13

14    With Plaintiff's federal claims presently dismissed, the
15  Court declines to exercise supplemental jurisdiction over the
16  remaining state causes of action.  The Court need not address the
17  merits of Defendant's Motion to Dismiss with respect to the
18  remaining state law causes of action as those issues are now
19  moot.
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**CONCLUSION**

    For the reasons stated above, Defendant's Motion to Dismiss (Docket No. 7) is GRANTED with leave to amend.  Defendant's Motion to Strike (Docket No. 9) is DENIED as moot.[3]

    Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

    IT IS SO ORDERED.

Dated: June 11, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

    [3] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).