UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

LYNN A. NICHALSON,                    No. 2:10-cv-00598-MCE-EFB

      Plaintiff,

  v.                                  MEMORANDUM AND ORDER

FIRST FRANKLIN FINANCIAL
CORPORATION, et al.,

      Defendants.

----oo0oo----

    Through this action Plaintiff Lynn A. Nichalson ("Plaintiff") seeks monetary damages and injunctive relief from Defendant First Franklin Financial Corporation ("Defendant") for alleged violations of state and federal law arising out of her mortgage loan.

    Presently before the Court is a Motion by Defendant First Franklin Financial Corporation ("Defendant") to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

Defendant has concurrently filed a Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f).  For the reasons set forth below, Defendant's Motion to Dismiss is granted with leave to amend, and Defendant's Motion to Strike is denied as moot.[1]

## BACKGROUND[2]

This action arises out of Plaintiff's 2006 residential mortgage loan transaction secured by property located at 9527 Clarke Farms Drive, Elk Grove, California ("Property").

Plaintiff alleges that Defendant extended credit to her without regard to her ability to pay.  She contends that she accurately reported her income on her loan application, but that Defendant falsified her income, as well as the property's appraisal information, without Plaintiff's knowledge or consent in order to get the loan approved.  Furthermore, Plaintiff alleges that the loan's interest rates were subject to increase, such that the monthly payments exceeded Plaintiff's ability to pay.  Nonetheless, as indicated in the Deed of Trust, Plaintiff was approved for a loan in the amount of $534,800.00.

///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

Plaintiff further alleges that Defendant awarded higher commissions to its loan officers when they sold a large volume of loans or loans with high yield spread premiums. Plaintiff states that these practices encouraged loan officers to steer borrowers, Plaintiff included, into loans that they were unable to repay.

The terms of the loan were memorialized in a Promissory Note, which was secured by a Deed of Trust on the Property.

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level.

1  Id. (citing 5 C. Wright & A. Miller, Federal Practice and
2  Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must
3  contain something more...than...a statement of facts that merely
4  creates a suspicion [of] a legally cognizable right of action").
5      If the court grants a motion to dismiss a complaint, it must
6  then decide whether to grant leave to amend.  The court should
7  "freely give[]" leave to amend when there is no "undue delay, bad
8  faith[,] dilatory motive on the part of the movant,...undue
9  prejudice to the opposing party by virtue of...the amendment,
10 [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman
11 v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
12 only denied when it is clear that the deficiencies of the
13 complaint cannot be cured by amendment.  DeSoto v. Yellow Freight
14 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

### A.   Truth in Lending Act ("TILA")

19     Plaintiff seeks to rescind her loan pursuant to the Truth in
20 Lending Act ("TILA"), 15 U.S.C. § 1600 et. seq., as well as
21 statutory and punitive damages, costs, and attorney's fees.  She
22 alleges that Defendant failed to provide material disclosures
23 regarding her loan as required under TILA.  Defendant argues that
24 Plaintiff's claim for TILA violations is time-barred because
25 civil damages are subject to a one-year statute of limitations
26 and claims for rescission have a three-year statute of
27 limitations.
28 ///

1  With respect to civil damages for Defendant's failure to
2 provide disclosures mandated by TILA, the statute of limitations
3 allows Plaintiff to file suit within one year from the "date of
4 occurrence" of the alleged violation.  15 U.S.C. § 1640(e).  The
5 "date of occurrence" is the date the transaction is consummated,
6 which in a mortgage loan case is when the Plaintiff closed on the
7 loan.  See Walker v. Washington Mutual Bank FA, 63 F. App'x. 316,
8 317 (9th Cir. 2003).  Plaintiff's Complaint alleges that the loan
9 transaction was completed in November 2006. This date triggers a
10 statute of limitations for civil damages which expired in
11 November 2007, well before Plaintiff filed her Complaint on
12 January 27, 2010.
13  Regarding Plaintiff's claim for rescission, pursuant to TILA
14 provisions codified at 15 U.S.C. § 1635(a), a consumer may elect
15 to cancel their residential mortgage loan within three days of
16 either the consummation of the transaction or delivery of
17 required disclosures and rescission forms.  If the required
18 disclosures are not provided, then the right to cancel extends
19 three years after the date of the loan.  15 U.S.C. § 1635(f).
20 Plaintiff's loan closed in November 2006.  Her right to rescind,
21 therefore, expired in November 2009.  Once again, Plaintiff's
22 claim is time-barred.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

However, to save her claims, Plaintiff argues that equitable tolling should apply to suspend the statutes of limitations. The Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). In determining justifiable application of the equitable tolling doctrine, a court "focuses on excusable delay by the plaintiff." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002). To establish excusable delay, the plaintiff must show "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." Federal Election Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996).

Here, Plaintiff has failed to exhibit requisite due diligence. In her amended complaint, Plaintiff alleges that she "did not review every detail of the [loan application] documents," "on the assumption that all the information [therein] was true and correct." (Amended Complaint ¶ 17.) Plaintiff also asserts that there were so many documents at signing that a reasonable person would not be expected to read them after closing so it is unreasonable for Defendant to expect Plaintiff to do so. (Id. at 87.) Finally, Plaintiff claims that she was merely told to sign the loan application and closing documents, but was not given a chance to read them first. (Id. at 87.)

6

Plaintiff's lack of due diligence in failing to read the loan documents affords insufficient basis to invoke this Court's application of equitable tolling.  Plaintiff has failed to show any concealment of facts by the Defendant, nor has she shown a scintilla of due diligence on her part. Plaintiff makes the incredulous argument that due diligence on her part should not require an even cursory reading of the documents before signing. The excuses provided are not grounds upon which the Court can equitably rescue Plaintiff's claim from late filing.

Equitable tolling will not be applied, and thus the statute of limitations period has run.  Defendant's Motion to Dismiss Plaintiff's TILA claim against Defendant is granted.

**B.   Plaintiff's Remaining Causes of Action**

With Plaintiff's federal claims presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state causes of action.  The Court need not address the merits of Defendant's Motion to Dismiss with respect to the remaining state law causes of action as those issues are now moot.

///
///
///
///
///
///
///

7

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 21) is GRANTED with leave to amend.  Defendant's Motion to Strike (ECF No. 22) is DENIED as moot.

Plaintiff may file a second amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no second amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims against Defendant will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: September 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE