UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LYNN A. NICHALSON, | No. 2:10-cv-00598-MCE-EFB |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| FIRST FRANKLIN FINANCIAL CORPORATION, et al., | |
| Defendants. | |

Plaintiff Lynn Nichalson ("Plaintiff") seeks redress from Defendants First Franklin Financial Corporation, Home Loan Services, Inc., Mortgage Technology, Inc., Mortgage Electronic Registration Systems, Inc., and U.S. Bank, National Association (collectively, "Defendants") based on various state claims, including Fraud, Conspiracy to Defraud, Negligence, and violations of the Business and Professions Code § 17200.

///

///

///

1    Previous allegations against Defendants included violations
2 of the Truth in Lending Act ("TILA") and the Real Estate
3 Settlement Procedures Act ("RESPA"), which were dismissed by this
4 Court in previous orders.  <u>See</u> Order Def.'s Mot. Dismiss, ECF
5 No. 17; Order Def.'s Mot. Dismiss, ECF No. 28.  Presently before
6 the Court is Defendant First Franklin Financial Corporation's
7 ("Defendant") Motion to Dismiss Plaintiff's Complaint for failure
8 to state a claim upon which relief may be granted, pursuant to
9 Federal Rule of Civil Procedure 12(b)(6).[1]  Defendant asserts
10 that since only state law claims remain, the Court should
11 exercise supplemental jurisdiction and rule on the merits of the
12 motion or, in the alternative, dismiss the entire case.
13    Defendant has concurrently filed a Motion to Strike pursuant
14 to Rule 12(f).  Plaintiff's opposition asks the Court to remand
15 the case back to state court since no federal claims remain.  For
16 the reasons set forth below, the case is remanded to state court
17 and the Defendant's Motion to Dismiss and Motion to Strike are
18 both denied as moot.

## BACKGROUND[2]

This action arises out of Plaintiff's 2006 residential mortgage loan transaction, secured by property located at 9527 Clarke Farms Drive, Elk Grove, California ("Property").

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

2

Plaintiff alleges that Defendant extended credit to her without regard to her ability to pay. She contends that she accurately reported her income on her loan application, but that Defendant subsequently falsified her income, as well as the property's appraisal information, without Plaintiff's knowledge or consent to get the loan approved. Furthermore, Plaintiff alleges that the loan's interest rates were subject to increase, such that the monthly payments exceeded Plaintiff's ability to pay. Nonetheless, as indicated in the Deed of Trust, Plaintiff was approved for a loan in the amount of $534,800.00.

Plaintiff further alleges that Defendant awarded higher commissions to its loan officers when they sold a large volume of loans or loans with high yield spread premiums. Plaintiff states that these practices encouraged loan officers to steer borrowers, into loans that they were unable to repay. The terms of the loan were memorialized in a Promissory Note, which was secured by a Deed of Trust on the Property.

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Where an amendment eliminates the federal claim upon which federal court jurisdiction is premised, this Court may, in its discretion, decline to exercise supplemental jurisdiction and remand the remaining state law claims. See 28 U.S.C. § 1367(c). See also Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991).

///
///
///

3

1    Plaintiff initially filed suit in Superior Court alleging
2 claims under both state and federal laws, including a cause of
3 action for violation of both TILA and RESPA.  Defendant
4 subsequently removed the suit to this Court on the basis of
5 federal question jurisdiction.
6    Plaintiff has currently filed a Second Amended Complaint
7 abandoning both federal claims.  Only Plaintiff's state law
8 claims remain.  With only Plaintiff's state law claims remaining,
9 this Court ceases to have subject matter jurisdiction over the
10 suit.  The Court declines to exercise pendent jurisdiction over
11 the remaining state claims.  Therefore, the matter is hereby
12 REMANDED to Superior Court, County of Sacramento.  Defendant's
13 Motion to Dismiss and Motion to Strike are both DENIED as moot.
14 The Clerk is directed to close the file.[3]
15    IT IS SO ORDERED.

Dated: November 30, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

4